## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

SHAWN E. ERVIN,                          Case No. 1:20-cv-522
     Petitioner,

                                Dlott, J.
     vs.                                     Litkovitz, M.J.

HIGHLAND COUNTY PROSECUTOR, et al.,      **REPORT AND**
     Respondents.                        **RECOMMENDATION**

Petitioner filed a pro se pleading titled "Writ of Habeas Corpus." (Doc. 1). Because petitioner had neither paid the $5.00 filing fee nor filed a motion for leave to proceed without prepayment of fees, the Court ordered petitioner on July 13, 2020, to pay the filing fee of $5.00 or submit an application and affidavit to proceed *in forma pauperis* within thirty days. (Doc. 2, at PageID 7-8). Further, because it was unclear from petitioner's pleading what convictions he was challenging and whether he was in custody within the meaning of 28 U.S.C. §§ 2254(a) and 2241(c)(3), the Court ordered petitioner, if he intended to pursue his petition as a federal habeas petition under 28 U.S.C. § 2254, to file his petition on the Court's official form within thirty days. (*Id.*). Petitioner was advised that failure to respond to the Court's July 13, 2020 Order would result in the case being dismissed. (*Id.*).

More than thirty days have passed since the Court entered its July 13, 2020 Order, and petitioner has not responded.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case

should be dismissed for plaintiff's failure to comply with the Court's July 13, 2020 Order. *In re*

*Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for want of

prosecution.

**IT IS SO RECOMMENDED.**

Date: 9/2/2020

Karen L. Litkovitz
United States Magistrate Judge

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SHAWN E. ERVIN,                                 Case No. 1:20-cv-522
      Petitioner,

                                             Dlott, J.
      vs.                                              Litkovitz, M.J.

HIGHLAND COUNTY PROSECUTOR, et al.,
      Respondents.

## <u>NOTICE</u>

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).